**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number (If known): _____    Chapter    11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | The Collected Group, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | Dutch Fashion LLC |
| | | SKA Retail, LLC |
| | | Dutch LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 4  6  -  1  6  3  5  2  3  4 |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4775 Eucalyptus Avenue | |
| Number    Street | Number    Street |
| Chino    California    91710 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Bernardino | |
| County | Number    Street |
| | City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.joie.com; www.equipmentfr.com; www.currentelliot.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐  Partnership (excluding LLP) |
| | | ☐  Other. Specify: _____ |

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:* |
| | | ☐  Health Care Business (as defined in 11 U.S.C. § 101(27A)) |

| Debtor | The Collected Group, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See https://www.uscourts.gov/four-digit-national-association-naics-codes

4 4 8 1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one*: |
|---|---|---|
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☒ Chapter 11. *Check all that apply*: |

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | ☐ Yes | District | _____ | When | _____ | Case Number | _____ |
| | If more than 2 cases, attach a separate list. | | | | | MM / DD / YYYY | | |
| | | | District | _____ | When | _____ | Case Number | _____ |
| | | | | | | MM / DD / YYYY | | |

| Debtor | The Collected Group, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | | |
|---|---|---|---|---|---|---|
| | | ☒ Yes | Debtor | See attached Schedule 1 | Relationship | Affiliate |
| | | | District | | When | |
| | List all cases. If more than 1, attach a separate list. | | | | | MM / DD / YYYY |
| | | | | Case number, if known | | |

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* |
|---|---|---|

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No |
|---|---|---|

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

---

| | **Statistical and administrative information** |
|---|---|

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

27912509.1

| Debtor | The Collected Group, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

| 14. | **Estimated number of creditors** | ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
|---|---|---|---|---|---|---|---|
| | | ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| | (on a consolidated basis) | ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| | | ☒ | 200-999 | | | | |

---

| 15. | **Estimated assets** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|---|
| | | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | (on a consolidated basis) | ☐ | $100,001-$500,000 | ☒ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

| 16. | **Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|---|
| | | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | (on a consolidated basis) | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | | ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING –** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | ☒ | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|---|
| | | ☒ | I have been authorized to file this petition on behalf of the debtor. |
| | | ☒ | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/05/2021
                      MM / DD / YYYY

**✗** /s/ Evan Hengel                                    Evan Hengel
Signature of authorized representative of debtor      Printed name

Title    Chief Restructuring Officer

Debtor    The Collected Group, LLC                                                    Case number (*if known*)
          Name

18.    **Signature of attorney**          ✗   /s/ Andrew L. Magaziner                      Date    04/05/2021
                                              Signature of authorized representative of debtor        MM/ DD / YYYY

                                              Andrew L. Magaziner
                                              Printed name

                                              Young Conaway Stargatt & Taylor, LLP
                                              Firm name

                                              Rodney Square, 1000 North King Street
                                              Number        Street

                                              Wilmington                                  DE                    19801
                                              City                                        State                 ZIP Code

                                              302-571-6600                                amagaziner@ycst.com
                                              Contact phone                               Email address

                                              No. 5426                                    Delaware
                                              Bar number                                  State

27912509.1

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of The Collected Group, LLC.

| |
|---|
| The Collected Group, LLC |
| The Collected Group Company, LLC |
| The Collected Group Exports, Inc. |
| The Collected Group Retail, LLC |
| RBR, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE COLLECTED GROUP, LLC, *et al.*,[1] | Case No. 21-_____ (____) |
| Debtor. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R.
BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, The Collected Group, LLC ("TCG") and its affiliates, as debtors and debtors in possession in the above-captioned cases (each, a "Debtor"), hereby state as follows:

1.    Debtor TCG is the direct or indirect parent of each Debtor.  The equity ownership of TCG is set forth below:

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| KKR Lending Partners Funding, LLC c/o Maples Fiduciary Services (Delaware) Inc. 4001 Kennett Pike, Suite 302 Wilmington, DE 19807 | Preferred Class A – 5,243  Common Units – 9.8 |
| KKR Lending Partners Funding III LLC c/o KKR Credit Advisors (US) LLC 555 California Street, 50th Floor San Francisco, CA 94104 | Preferred Class A – 3,613  Common Units – 6.8 |
| KKR – Violet California LP 4001 Kennett Pike, Suite 302 Wilmington, DE 19807 | Preferred Class A – 2,909  Common Units – 5.5 |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: The Collected Group, LLC (5234); The Collected Group Company, LLC (2188); The Collected Group Exports, Inc. (3426); and The Collected Group Retail, LLC (2878); RBR, LLC (9479). The Debtors' headquarters are located at 4775 Eucalyptus Avenue, Chino, California 91710.

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| KKRLP II Funding US II Limited<br>c/o KKR<br>30 Hudson Yards<br>New York, NY 10001 | Preferred Class A – 8,976<br><br>Common Units – 16.8 |
| KKRLP II Funding US LLC<br>c/o KKR<br>30 Hudson Yards<br>New York, NY 10001 | Preferred Class A – 2,668<br><br>Common Units – 5.0 |
| KKR German Funding LLC<br>c/o KKR<br>Maintor Panorama, 12th Floor<br>Neue Mainzer Str. 2-4<br>Frankfurt Germany 60311 | Preferred Class A – 10,967<br><br>Common Units – 20.6 |
| Lincoln Investment Solutions, Inc.<br>601 Office Center Drive, Suite 300<br>Fort Washington, PA 19034 | Preferred Class A – 1,639<br><br>Common Units – 3.0 |
| Gordon Brothers Commercial Finance (n/k/a Callodine Commercial Finance).<br>800 Boylston Street, 27th Floor<br>Boston, MA 02199 | Preferred Class A – 6,669<br><br>Common Units – 12.5 |
| TA DF-A Holdings, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | Common Units – 6.8 |
| TA DF-B Holdings, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | Common Units – 3.0 |
| TA DF-C Holdings, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | Common Units – 0.2 |
| Sienna, LLC<br>3233 K St NW<br>Washington DE 20007-4412 | Common Units – 9.7 |
| Holly Soroca<br>20 West 72 Street<br>New York, NY 10023 | Common Units – 0.1 |

| Entity Name & Address | Number and Type of Shares Held |
|---|---|
| Morgan Dreyer<br>1701 Cliff Drive<br>Newport Beach, CA 92663 | Common Units – 0.1 |
| TCG Management, LLC<br>6700 Xanthus Lane North<br>Maple Grove, MN 55311 | Class B Units – 6.7 |

2.    Debtor RBR, LLC ("RBR") is 100% owned by TCG.

3.    Non-Debtor The Collected Group Holdings Manager, LLC ("TCG Manager") is 100% owned by RBR.

4.    Debtor The Collected Group Company, LLC ("TCG Company") is 100% owned by TCG.

5.    Debtor The Collected Group Retail, LLC, Debtor The Collected Group Exports, non-debtor The Collected Group Canada Mode, ULC, and non-debtor The Collected Group U.K. Limited, are 100% owned by TCG Company.

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   The Collected Group, LLC, et al. |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders          12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | RXR SL OWNER LLC THE STARRETT-LEHIGH BUILDING 601 WEST 26TH ST., SUITE M265 NEW YORK, NY  10001 | CONTACT: DENISE RODRIGUEZ PHONE: 212-924-3880 DENISE.RODRIGUEZ@RXRRE ALTY.COM | LEASE OBLIGATIONS | C | | | $2,459,519.58 |
| 2 | 421W14 LESSEE, LP C/O ROCKPOINT GROUP 500 BOYLSTON STREET, SUITE 1880 BOSTON, MA  02116 | CONTACT: MR. PAISLEY BONEY PHONE: 212-242-5267 RAMRMT@AOL.COM; IMACNAB@ROCKPOINTGRO UP.COM | LEASE OBLIGATIONS | C | | | $2,048,039.06 |
| 3 | CENTURY CITY MALL LLC 2049 CENTURY PARK EAST, 41ST FLOOR ATTN: LEGAL DEPARTMENT LOS ANGELES, CA  90067 | CONTACT: VIRGINIA BERGMANLOO PHONE: 310-478-4456 ALASTAIR.BOUCAUT@URW.C OM; VIRGINIA.BERGMANLOO@U RW.COM; | LEASE OBLIGATIONS | C | | | $1,904,292.89 |
| 4 | DAYU GARMENTS COMPANY LIMITED 22/F, CITIC TELECOM TOWER 93 KWAI FUK RD KWAI CHUNG, NT HONG KONG | CONTACT: SUMMY TANG PHONE: (852) 2615-5188 SUMMYTANG@HIGHFASHIO N.COM.HK | TRADE CLAIM | | | | $1,446,047.45 |

* The unsecured claim amounts for the Lease Obligations include the Debtors' estimated calculation for rejection damage claims pursuant to section 502(b)(6) of the Bankruptcy Code.

**Debtor:** The Collected Group, LLC, et al.

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  JOINTEX GARMENT MANUFACTORY LTD<br>FLAT C, 13/F, WING CHAI INDUSTRIAL BLDG<br>27-29 NG FONG STREET<br>SAN PO KONG<br>KOWLOON  HONG KONG | CONTACT: ANDREW CHEUNG<br>PHONE: (852) 2323 0636<br>ANDREW.CHEUNG@SPEEDY-GMT.COM.HK | TRADE CLAIM | | | | $1,344,055.27 |
| 6  108-114 WOOSTER STREET CORPORATION<br>C/O ANDREWS BUILDING CORPORATION<br>666 BROADWAY, 12TH FLOOR<br>ATTN: PROPERTY MANAGER - 108 WOOSTER STREET<br>NEW YORK, NY  10012 | CONTACT: PROPERTY MANAGER<br>PHONE: 212-753-2329 EXT 322<br>JDONOVAN@SOLSTICE.US.COM;<br>SAMH@TUDORREALTY.COM | LEASE OBLIGATIONS | C | | | $913,333.33 |
| 7  HIGH FASHION GARMENTS INTERNATIONAL COMPANY LIMITED<br>22/F, CITIC TELECOM TOWER<br>93 KWAI FUK RD<br>KWAI CHUNG, NT<br>HONG KONG | CONTACT: SUMMY TANG<br>PHONE:  (852) 2615 5224<br>FAX: (852) 2614 5487<br>SUMMYTANG@HIGHFASHION.COM.HK | TRADE CLAIM | | | | $903,415.79 |
| 8  WFP RETAIL COMPANY, L.P.<br>C/O BROOKFIELD FINANCIAL PROPERTIES, L.P.<br>250 VESEY STREET, 15TH FLOOR<br>ATTENTION: GENERAL COUNSEL<br>NEW YORK, NY  10281-1023 | CONTACT: JASON MAURER<br>PHONE: 212-417-7000<br>JASON.MAURER@BROOKFIELDPROPERTIES.COM; | LEASE OBLIGATIONS | C | | | $889,453.02 |
| 9  ALAN  TAN<br>OF THE ALAN AND JENNY TAN FAMILY TRUST<br>C/O MICHAEL HALL MC HALL & ASSOCIATES PC<br>605 MARKET STREET, SUITE 900<br>SAN FRANCISCO, CA  94015 | CONTACT: MICHAEL HALL<br>PHONE: 415-512-9865<br>ACTPROPERTYMGMT@GMAIL.COM | LEASE OBLIGATIONS | C | | | $838,845.26 |
| 10  CHINA TING FASHION GROUP (USA) LLC<br>525 7TH AVENUE, SUITE 1606<br>NEW YORK, NY  10018 | CONTACT: PETER T. CHEUNG, EXECUTIVE DIRECTOR<br>PHONE: (852)2273-7979<br>FAX: (852) 2790-6802<br>PETER@CONCEPTCREATOR.COM.HK | TRADE CLAIM | | | | $748,000.00 |
| 11  SANTA FE BUILDING 5251, LLC<br>C/O WESLEY HURST, ALYSSA ENGSTROM<br>POLSINELLI LLP<br>2049 CENTURY PARK EAST, SUITE 2900<br>LOS ANGELES, CA  90067 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 213-905-8050<br>REBECCA@651MANAGEMENT.COM;<br>AENGSTROM@POLSINELLI.COM | LEASE OBLIGATIONS | C | | | $624,611.09 |
| 12  ALLIANCE<br>95 RIVER STREET, SUITE 402<br>HOBOKEN, NJ  07030 | CONTACT: HARMEET SINGH<br>PHONE: 212-560-9188<br>HARMEET@ALLIANCEM.COM | TRADE CLAIM | | | | $605,513.67 |

\* The unsecured claim amounts for the Lease Obligations include the Debtors' estimated calculation for rejection damage claims pursuant to section 502(b)(6) of the Bankruptcy Code.

Debtor: The Collected Group, LLC, et al.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  TYSONS GALLERIA LLC 2001 INTERNATIONAL DRIVE ATTENTION: GENERAL MANAGER MCLEAN, VA  22102 | CONTACT: JOSEPH HOPE PHONE: 212-417-7000 JOSEPH.HOPE@BROOKFIELD PROPERTIESRETAIL.COM; STEPHANIE.FOX@BROOKFIEL DPROPERTIESRETAIL.COM | LEASE OBLIGATIONS | C | | | $578,714.05 |
| 14  RIVER OAKS DISTRICT, LP C/O TENANT LEASE FILE, RIVER OAKS DIST MANAGEMENT OFFICE 4444 WESTHEIMER RD HOUSTON, TX  77027 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 419-466-1671 CSMITH@ROTHSCHILDDOW NES.COM | LEASE OBLIGATIONS | C | | | $555,375.43 |
| 15  FASHION VALLEY MALL, LLC. C/O M.S. MANAGEMENT ASSOCIATES, INC. 225 WEST WASHINGTON STREET INDIANAPOLIS, IN  46204-3438 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 317-636-1600 TEADS@SIMON.COM; JSTEEN@SIMON.COM; | LEASE OBLIGATIONS | C | | | $528,473.28 |
| 16  MERRICK PARK C/O VILLAGE OF MERRICK PARK 358 AVENUE SAN LORENZO AVE. ATTENTION: GENERAL MANAGER CORAL GABLES, FL  33146 | CONTACT: ANDREW PEACH PHONE: 212-417-7000 BRITTON.BURRIDGE@BROOK FIELDPROPERTIESRETAIL.CO M; ERIC.WILSON@GENERALGRO WTH.COM; ANDREW.PEACH@BROOKFIE LDPROPERTIESRETAIL.COM | LEASE OBLIGATIONS | C | | | $522,017.51 |
| 17  LLOYD INDUSTRIES, INC 17588 ROWLAND ST A246 CITY OF INDUSTRY, CA  91748 | CONTACT: SEAN GU PHONE: 215-412-4445 SEANGU@LLOYDIND.COM | TRADE CLAIM | | | | $496,423.60 |
| 18  OMB BUCKHEAD LENDER LLC 733 8TH AVENUE SAN DIEGO, CA  92101 | CONTACT: BRADLEY TISDAHL & JANE MATTIO PHONE: 619-321-1111 BTISDAHL@TRA-LLC.COM; JMATTIO@TRA-LLC.COM ; ELIZABETH@CAIOLAROSE.CO M | TRADE CLAIM | | | | $481,006.12 |
| 19  XIANG JUN SHOES CO. LTD NO.2 BIAN KANG XI ROAD XIA BIAN INDUSTRY DISTRICT HOU JIE TOWN DONG GUAN  523956  CHINA | CONTACT: CHIEF FINANCIAL OFFICER | TRADE CLAIM | | | | $474,000.00 |
| 20  KING OF PRUSSIA ASSOCIATES C/O KRAVCO SIMON COMPANY 225 WEST WASHINGTON STREET INDIANAPOLIS, IN  46204-3438 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 317-636-1600 TEADS@SIMON.COM; ROGER.VANDERKLOK@SIMO N.COM; | LEASE OBLIGATIONS | C | | | $454,654.07 |
| 21  SPRING RIVER FULIN KNITTING (HI) LTD. FLAT 08-09, 5/F CORP PARK 11, ON LAI STREET SHATIN HONG KONG | CONTACT: VINCENT KONG PHONE: 852-2312-2018 SR-VINCENT@SHINDAI.CN | TRADE CLAIM | | | | $454,457.25 |

* The unsecured claim amounts for the Lease Obligations include the Debtors' estimated calculation for rejection damage claims pursuant to section 502(b)(6) of the Bankruptcy Code.

**Debtor:** The Collected Group, LLC, et al.

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22  CARMELO MIOLI C/O ALFRED BRUNO BERCHEM MOSES PC 1221 POST ROAD EAST WESTPORT, CT  06880 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 203-227-9545 FAX: 203-226-1641 ABRUNO@BERCHEMMOSES. COM | TRADE CLAIM | | | | $419,560.11 |
| 23  WELL FAITH ENTERPRISE LTD 19/F, PERFECT INDUSTRIAL BUILDING 31 TAI YAU STREET SA PO KONG HONG KONG | CONTACT: SUMMY TANG PHONE: (852) 2615 5188 SUMMYTANG@HIGHFASHIO N.COM.HK | TRADE CLAIM | | | | $417,501.64 |
| 24  VISIONET SYSTEMS INC. 4 CEDARBROOK DRIVE CRANBURY, NJ  08512 | CONTACT: ADEEL EHSAN PHONE: 609-452-0700 AEHSAN@VISIONET.COM | TRADE CLAIM | | | | $379,863.94 |
| 25  WESTLAKE PROMENADE, LLC C/O CARUSO AFFILIATED 101 THE GROVE DRIVE LOS ANGELES, CA  90036 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 323-900-8137 KGREENBERG@CARUSO.CO M | LEASE OBLIGATIONS | C | | | $368,583.85 |
| 26  KNIT INSIGHTS LIMITED BLOCK K, 5/F, CHIU TAT BUILDING 708-410 PRINCE EDWARD ROAD E SAN PO KONG, KOWLOON HONG KONG | CONTACT: SEBASTIAN MAES PHONE: 852-2786-3293 SEBASTIEN.MAES@MAESTRO -KNITTING.COM | TRADE CLAIM | | | | $357,805.25 |
| 27  DESERT HILLS PREMIUM OUTLETS ASSIGNEE OF ITS AFFLTD LANDLORD ENTITIES C/O HOOVER HULL TURNER LLP 111 MONUMENT CIR, 4400, PO BOX 44989 INDIANAPOLIS, IN  46204 | CONTACT: JOHN DAVID HOOVER PHONE: 317-822-4400 FAX: 317-822-0234 JDHOOVER@HOOVERHULLT URNER.COM | TRADE CLAIM | | | | $354,829.38 |
| 28  HANGZHOU HS FASHION INTERNATIONAL LTD 255 W FOOTHILL BLVD, STE 205 UPLAND, CA  91786 | CONTACT: MICHAEL SITU PHONE: (86 571) 86543210 FAX: (86 571) 69785612 MICHAEL.SITU@HSFASHION. CN | TRADE CLAIM | | | | $331,881.16 |
| 29  SILVEREED (HONG KONG) LIMITED 4/F, HONG KONG SPINNERS INDL BLDG PHASEI & II NO. 800 CHEUNG SHA WAN ROAD KOWLOON  HONG KONG | CONTACT: RICHARD LOH PHONE: (852) 3921-1906 RICHARDLOH@LFCREDIT.CO M.SG | TRADE CLAIM | | | | $326,186.13 |
| 30  THE KING GARMENT LIMITED 11/F HIGH FASHION CENTRE 1-11 KWAI HEI STREET KWAI TSING KWAI CHUNG HONG KONG | CONTACT: SUMMY TANG PHONE: (852) 2615-5188 SUMMYTANG@HIGHFASHIO N.COM.HK | TRADE CLAIM | | | | $307,824.42 |

\* The unsecured claim amounts for the Lease Obligations include the Debtors' estimated calculation for rejection damage claims pursuant to section 502(b)(6) of the Bankruptcy Code.

Fill in this information to identify the case:

Debtor Name     The Collected Group, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (*If known*): _____     Chapter _____11_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule* _____

☒     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒     *Other document that requires a declaration* Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___04/05/2021_____          ✗ _/s/ Evan Hengel_____
            MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                       Evan Hengel_____
                                         Printed name

                                       Chief Restructuring Officer_____
                                       Position or relationship to debtor

**OMNIBUS ACTION TAKEN BY WRITTEN CONSENT**
**OF THE AUTHORIZED REPRESENTATIVES OF**

**THE COLLECTED GROUP, LLC**
**THE COLLECTED GROUP RETAIL, LLC**
**THE COLLECTED GROUP EXPORTS INC.**
**THE COLLECTED GROUP COMPANY, LLC**
**RBR, LLC**
**THE COLLECTED GROUP HOLDINGS MANAGER, LLC**
**THE COLLECTED GROUP HOLDINGS, LLC**

April 2, 2021

**WHEREAS**, (i) The Collected Group, LLC ("***TCG LLC***"), a Delaware limited liability company formerly known as Dutch Fashion, LLC is managed by a Board of Managers (the "***Board***"); (ii) The Collected Group Company, LLC ("***TCG Company***"), a California limited liability company formerly known as Dutch, LLC, is managed by TCG LLC in its capacity as the sole member of TCG Company; (iii) The Collected Group Exports, Inc. ("***Exports***"), a Delaware corporation formerly known as Dutch Exports, Inc. is controlled by a sole director; (iv) The Collected Group Retail, LLC ("***Retail***"), a New York limited liability company formerly known as KSA Retail, LLC is managed by TCG Company in its capacity as the sole member of Retail; (v) RBR, LLC ("***RBR***"), a California limited liability company is managed by TCG LLC in its capacity as the sole member of RBR; (vi) The Collected Group Holdings Manager, LLC ("***Manager***") a Delaware limited liability company formerly known as Dutch Fashion Holdings Manager, LLC is managed by RBR in its capacity as sole member of Manager; (vii) The Collected Group Holdings, LLC ("***Holdings***"), a Delaware limited liability company formerly known as Dutch Fashion Holdings, LLC is managed by Manager in its capacity as sole member of Holdings; (viii) The Collected Group Canada Mode, ULC ("***TCG Canada***"), a Nova Scotian Unlimited Liability Company formerly known as Dutch Canada Mode ULC, is managed by TCG Company in its capacity as the sole member of TCG Canada; and (ix) The Collected Group U.K. Limited ("***TCG UK***"), a UK private limited company formerly known as Dutch U.K. Limited is managed by TCG Company in its capacity as the sole member of TCG UK;

**WHEREAS**, TCG LLC, TCG Company, Exports, Retail, and RBR, are referred to collectively herein as the "***TCG Group Companies***";

**WHEREAS**, the Board is adopting the resolutions set forth below under the headings numbered 1 through 7 on behalf of TCG LLC;

**WHEREAS**, the Board is adopting the resolutions set forth below under the headings numbered 1 through 7 on behalf of TCG LLC as the sole member of TCG Company and RBR;

DocuSign Envelope ID: 4EBE2B9D-BD10-4666-A49A-68C553D4E7A6

**WHEREAS**, the sole director of Exports (the "***Sole Director***") is adopting the resolutions set forth below under the headings numbered 1 through 7 on behalf of Exports;

**WHEREAS**, TCG Company is adopting the resolutions set forth below under the headings numbered 1 through 7 as the sole member of Retail;

**WHEREAS**, TCG Company is adopting the resolutions set forth below under the headings numbered 6 and 7 as the sole member of TCG Canada and TCG UK;

**WHEREAS**, RBR is adopting the resolutions set forth below under the headings numbered 6 and 7 as the sole member of Manager;

**WHEREAS**, Manager is adopting the resolutions set forth below under the headings numbered 6 and 7 as the sole member of Holdings;

**WHEREAS**, each of the respective capacities of the Board, TCG Company, and the Sole Director (collectively herein as the "***Governing Bodies***" with respect to such TCG Group Companies) in respect of the TCG Group Companies set forth in the immediately preceding recitals is referred to herein as the "***Official Capacity***" with respect to each such TCG Group Company;

**WHEREAS**, the chief executive officer, chief restructuring officer, chief accounting officer, chief operating officer, president, vice president, chief financial officer, treasurer, assistant treasurer, controller, or general counsel and with respect to entities that do not have officers, any authorized signatory, manager, sole member, managing member, or director, or any other officer of the TCG Group Companies are authorized to take action on behalf of the respective Governing Bodies (each in such capacity, an "***Authorized Officer***");

**WHEREAS**, the Governing Bodies have reviewed and considered the financial and operational condition of their respective TCG Group Companies and of the TCG Group Companies as a whole, including (which word and similar forms thereof, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the historical performance of the TCG Group Companies, the assets of the TCG Group Companies, the current and long-term liabilities of the TCG Group Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

**WHEREAS**, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of their respective TCG Group Company and such TCG Group Company's legal, financial, and other outside professional advisors as to the financial condition of such TCG Group Company and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***");

**NOW, THEREFORE, IT IS:**

1. **Retention of Professionals**

> **RESOLVED**, that the TCG Group Companies, be, and hereby are, authorized and directed in the name and on behalf of the TCG Group Companies to employ the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP as chapter 11 co-counsel to represent and assist the TCG Group Companies in carrying out their duties under the Bankruptcy Code or in the TCG Group Companies' chapter 11 cases (the "***Chapter 11 Cases***"), and to take any and all actions to advance the TCG Group Companies' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

> **RESOLVED**, that the TCG Group Companies, be, and hereby are, authorized and directed in the name and on behalf of the TCG Group Companies to employ the law firm of Young Conaway Stargatt & Taylor, LLP as chapter 11 co-counsel to represent and assist the TCG Group Companies in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, and to take any and all actions to advance the TCG Group Companies' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

> **RESOLVED**, that the TCG Group Companies, be, and hereby are, authorized and directed in the name and on behalf of the TCG Group Companies to employ Epiq Corporate Restructuring LLC as claims, noticing, and solicitation agent in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

> **RESOLVED**, that the TCG Group Companies, be, and hereby are, authorized and directed in the name and on behalf of the TCG Group Companies to employ Stifel, Nicolaus & Co., Inc. and its affiliate Miller Buckfire & Co., LLC as investment banker in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

> **RESOLVED**, that the TCG Group Companies, be, and hereby are, authorized and directed in the name and on behalf of the TCG Group Companies to employ Berkeley Research Group, LLC as financial advisor in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety, including entry into an agreement (the "***CRO Agreement***") among the TCG Group Companies and BRG, to provide management services to the TCG Group Companies;

> **RESOLVED**, that the TCG Group Companies, be, and hereby are, authorized and directed in the name and on behalf of the TCG Group Companies to employ any other professionals to assist the TCG Group Companies in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, and all

related matters and to take any and all actions to advance the TCG Group Companies' rights and obligations in connection therewith; and

RESOLVED, that any TCG Group Companies are hereby authorized and directed in the name and on behalf of the TCG Group Companies to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals, as necessary.

2.  **Chief Restructuring Officer**

RESOLVED, that, consistent with the terms of the CRO Agreement, BRG be, and hereby is, retained to provide the TCG Group Companies with a Chief Restructuring Officer (the "***CRO***"), who shall be Mr. Evan Hengel, and any prior actions taken in connection therewith are hereby ratified in their entirety; and

RESOLVED, that, consistent with the terms of the CRO Agreement, BRG is authorized to assign additional personnel to support the CRO and the TCG Group Companies, serve in various capacities with the TCG Group Companies and to perform other services required of BRG pursuant to the CRO Agreement.

3.  **Debtor in Possession Financing, Cash Collateral, and Adequate Protection**

RESOLVED, that in connection with each Chapter 11 Case, it is in the best interests of each TCG Group Company to engage in, and each TCG Group Company will obtain benefits from, the lending transactions under a senior secured debtor-in-possession credit facility in an aggregate principal amount of $[9,200,000] (the "***DIP Financing***") to be evidenced by that certain senior secured super-priority priming debtor-in-possession credit agreement (together with the exhibits and schedules attached thereto, the "***DIP Credit Agreement***") among the TCG Group Companies, the financial institutions party thereto as lenders, [KKR Loan Administration Services LLC] as administrative agent thereunder, and any other agents and entities from time to time party thereto, substantially in the form presented to each Governing Body on or in advance of the date hereof, subject to approval by the Bankruptcy Court, and each Governing Body acknowledges and agrees that the transactions contemplated by these resolutions are necessary and appropriate to the conduct, promotion, and attainment of the business of the TCG Group Companies;

RESOLVED, that each TCG Group Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain prepetition secured lenders (collectively, the "***Prepetition Lenders***") party to that certain Amended and Restated Credit Agreement, dated as of May 15,

4

2015 (as amended, restated, supplemented, or otherwise modified from time to time in accordance with the terms thereof, the "***Prepetition Credit Agreement***");

**RESOLVED,** that each TCG Group Company be, and it hereby is, authorized to secure the payment and performance of the obligations under the DIP Credit Agreement by (a) pledging to the agent or lender(s) under the DIP Credit Agreement or granting to the agent or lender(s) under the DIP Credit Agreement a lien, mortgage, and/or security interest in, all or any portion of the TCG Group Companies' property or interests in property as set forth in the DIP Credit Agreement, any related orders to be entered by the Bankruptcy Court (the "***DIP Orders***"), or any other agreements or documents related thereto and (b) entering into the Loan Documents (as defined in the DIP Credit Agreement), any promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, subordination agreements, intercreditor agreements, agreements with third parties (including, without limitation, lockbox agreements, cash management agreements and deposit account control agreements) relating to the collateral, indemnity agreements and other agreements (including, without limitation, certificates, affidavits, financing statements, applications, notices and other agreements or instruments of any kind or nature whatsoever authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP Financing) as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the Governing Body or Authorized Officer executing the same (collectively with the DIP Credit Agreement and the DIP Orders, the "***DIP Documents***"), the execution thereof by such Governing Body or Authorized Officer to be conclusive evidence of such approval or determination;

**RESOLVED,** that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each TCG Group Company will provide certain adequate protection to the Prepetition Lenders (the "***Adequate Protection Obligations***"), as documented in the proposed DIP Order substantially in the form presented to the Governing Bodies on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery of the proposed DIP Orders to be submitted for approval to the Bankruptcy Court;

**RESOLVED,** that each TCG Group Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**RESOLVED,** that the Governing Bodies are, and any Authorized Officer is, hereby authorized, empowered, and directed, in the name and on behalf of each applicable TCG Group Company, to cause such TCG Group Company to negotiate and approve the terms, provisions of, and performance of, and to prepare, execute, and deliver the DIP Documents to which such TCG Group Company is a party, in the name and on behalf of such TCG Group Company, and such other documents, agreements, instruments, and certificates as may be required;

**RESOLVED,** that the Borrower (as defined in the DIP Credit Agreement) is authorized to request extensions of credit and borrow under the DIP Facility and each TCG Group Company is authorized to guarantee, as applicable, any obligations of any party to the DIP Documents and undertake any and all related transactions contemplated under the DIP Documents, including the granting of security thereunder;

**RESOLVED,** that the Governing Bodies are, and any Authorized Officer is, hereby authorized to grant security interests in, and liens on, any and all property of each applicable TCG Group Company as collateral pursuant to the DIP Documents to secure all of the obligations and liabilities of the parties to the DIP Documents, and to authorize, execute, verify, file and/or deliver, on behalf of each applicable TCG Group Company, all agreements, documents and instruments required in connection with the foregoing;

**RESOLVED,** that the Governing Bodies are, and any Authorized Officer is, hereby authorized, empowered, and directed, in the name and on behalf of each applicable TCG Group Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Documents, which shall, in such Governing Body's or Authorized Officer's sole judgment, be necessary, proper, or advisable to perform such TCG Group Company's obligations under or in connection with the DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions, the taking of such actions to be conclusive evidence of such determination; and

**RESOLVED**, that the Governing Bodies are, and any Authorized Officer is, hereby authorized, empowered, and directed, in the name and on behalf of each applicable TCG Group Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Documents, which shall, in such Authorized Officer's sole judgment, be necessary, desirable, proper or advisable**.**

## 4.   Solicitation of the Plan

**RESOLVED**, that in the judgment of each Governing Body, it is desirable and in the best interests of each TCG Group Company, its equity holders, its creditors, and other parties-in-interest to commence solicitation of the Joint

Prepackaged Chapter 11 Plan of Reorganization for The Collected Group, LLC and its Debtor Affiliates (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "***Plan***") pursuant to section 1125(g) and 1125(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved;

**RESOLVED**, that the TCG Group Companies, as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to: (a) execute and deliver the Plan, associated disclosure statement (the "***Disclosure Statement***"), and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the TCG Group Companies; and (b) pay related fees and expenses as may be deemed necessary or desirable in connection with the Plan or Disclosure Statement; and

**RESOLVED**, that each of the Governing Bodies be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance such TCG Group Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Governing Body, with power of delegation, is hereby authorized and directed to take all necessary actions including commencing solicitation of the Plan.

## 5.  Commence Chapter 11 Cases

**RESOLVED**, that each Governing Body has determined, after consultation with the management and the legal and financial advisors of the applicable TCG Group Company for which it acts as a Governing Body, that it is desirable and in the best interests of such TCG Group Company, its creditors, equity holders, and other parties-in-interest that a petition be filed by such TCG Group Company seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***");

**RESOLVED**, that the Chief Restructuring Officer be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of each TCG Group Company all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which the CRO deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in these resolutions, with a view to the successful prosecution of the Chapter 11 Cases.

6. **Chief Financial Officer, General Counsel, Secretary Authorized Persons**

**RESOLVED,** Alan Leavitt's appointment as General Counsel of TCG LLC as of November 9, 2020 be, and it hereby is, approved, ratified and confirmed in all respects;

**RESOLVED,** that the General Counsel is hereby granted the authority to sign and execute contracts, documents and other instruments on behalf of TCG LLC effective as of November 9, 2020;

**RESOLVED,** Alan Leavitt's appointment as Secretary of TCG LLC as of March 25, 2021 be, and it hereby is, approved, ratified and confirmed in all respects;

**RESOLVED,** that the Secretary is hereby granted the authority to sign and execute contracts, documents and other instruments on behalf of TCG LLC; and it is further

**RESOLVED**, that the appointment of Alan Leavitt as General Counsel and Secretary of TCG Company, Exports, Retail, RBR, Manager, and Holdings is hereby approved, ratified and confirmed in all respects;

**RESOLVED,** that Pete Collins' appointment as Chief Financial Officer of TCG LLC as of January 4, 2021 be, and it hereby is, approved, ratified and confirmed in all respects;

**RESOLVED,** that the Chief Financial Officer is hereby granted the authority to sign and execute contracts, documents and other instruments on behalf of TCG LLC effective as of January 4, 2021;

**RESOLVED**, that the appointment of Pete Collins as Chief Financial Officer of TCG Company, Exports, Retail, RBR, Manager, and Holdings is hereby approved, ratified and confirmed in all respects;

**RESOLVED**, that the appointment of Alan Leavitt and Pete Collins as authorized persons (each in such capacity an "***Authorized Signatory***") for TCG Canada and TCG UK is hereby approved, ratified and confirmed in all respects; and

**RESOLVED,** that any and all actions heretofore or hereafter taken by any manager, director or officer with respect to, in furtherance of or in contemplation of the matters authorized by any of the foregoing resolutions under this heading numbered 6, including without limitation any signing actions by Pete Collins or Alan Leavitt as officers or purported officers, be, and they hereby are, adopted, authorized, approved, ratified and confirmed in all respects.

DocuSign Envelope ID: 4EBE2B9D-BD10-4666-A49A-68C553D4E7A6

7.  **General Provisions**

      **RESOLVED**, that any terms in the TCG Group Companies' organizational documents providing for the dissolution or winding up of a TCG Group Company upon the bankruptcy or dissolution of a member of such TCG Group Company are not operative, and the TCG Group Companies' organizational documents hereby are amended to provide that the bankruptcy or dissolution of any member of a TCG Group Company, or any other event related to the commencement of the Chapter 11 Cases, shall not cause a TCG Group Company to be dissolved or its affairs to be wound up, and that upon the occurrence of any such event, each TCG Group Company shall continue without dissolution;

      **RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each TCG Group Company, or hereby waives any right to have received such notice;

      **RESOLVED**, that all actions heretofore taken by any Authorized Officer or other representative, counsel, agent or advisor of any TCG Group Company, in connection with any matter referred to in any of the foregoing resolutions (including, signing and executing contracts, documents and other instruments) are hereby approved, ratified and confirmed in all respects; and

      **RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Governing Body, each Authorized Officer and Governing Body (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each TCG Group Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.



_____
Lauren Krueger

_____
Kevin O'Neill

_____
Silvia Mazzuchelli

_____
John Brecker

_____
Bradley Dietz

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

_____
Lauren Krueger

_____
Kevin O'Neill

_____
Silvia Mazzuchelli

_____
John Brecker

_____
Bradley Dietz

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

<br>

_____

Lauren Krueger

<br>

_____

Kevin O'Neill

<br>

_____

Silvia Mazzuchelli

<br>

_____

John Brecker

<br>

_____

Bradley Dietz

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

_____
Lauren Krueger

_____
Kevin O'Neill

_____
Silvia Mazzuchelli

_____
John Brecker

_____
Bradley Dietz

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

_____
Lauren Krueger

_____
Kevin O'Neill

_____
Silvia Mazzuchelli

_____
John Brecker

_____
Bradley Dietz

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

**SOLE MEMBER**:

**THE COLLECTED GROUP, LLC,**
a Delaware limited liability company

_____
By: James R. Miller
Title: Chief Executive Officer

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

*SOLE MEMBER:*

**THE COLLECTED GROUP COMPANY, LLC,**
a California limited liability company

By: James R. Miller
Title: Chief Executive Officer

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

DocuSigned by:

A7F00A61CF40446...

_____

By: James R. Miller
Title: Director

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

**SOLE MEMBER:**

**THE COLLECTED GROUP, LLC,**
a Delaware limited liability company

By: James R. Miller
Title: Chief Executive Officer

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

**SOLE MEMBER:**

**RBR, LLC,**
a Delaware limited liability company

By: James R. Miller
Title: Chief Executive Officer

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first set forth above.

**SOLE MEMBER:**

**THE COLLECTED GROUP HOLDINGS MANAGER, LLC**
a Delaware limited liability company

DocuSigned by:

A7F00A61CF40446...

By: James R. Miller
Title: Chief Executive Officer